No. 35,825

D. L. GRANT, *Appellant*, v. M. D. STRYKER, *Appellee*.

(135 P. 2d 534)

Opinion filed April 10, 1943.

*C. W. Spencer,* of Sedan, argued the cause for the appellant.

*J. L. Stryker,* of Fredonia, argued the cause, and *W. H. Edmundson* and *T. D. Hampson,* both of Fredonia, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to have the court determine the amount due on a certain note secured by a chattel mortgage and to

require defendant to release the mortgage of record upon the payment of the amount found due. The trial court sustained defendant's motion for judgment upon the pleadings and the opening statement of plaintiff's counsel. Plaintiff has appealed.

The opening statement of plaintiff's counsel consisted of the reading of the petition and exhibits, with a few statements interpolated to show the relationship of the parties. These may be summarized as follows: Plaintiff, an oil well operator, under some arrangement not clearly disclosed, had drilled two oil wells, one of which produced a little oil, on land owned by one Murphy in Elk county. It appears that later one John B. Richards procured an oil and·gas lease on the Murphy land. On December 22, 1939, plaintiff executed to Richards a chattel mortgage to secure a note for $200, due April 1, 1940, upon tubing, casing and sucker rods in the well. Murphy gave his written consent to this mortgage. The mortgage was never recorded. On March 25, 1940, plaintiff executed a mortgage to John B. Richards to secure a note for $380, payable in thirty days, covering the same property described in the earlier mortgage and a power house and other described machinery and tools used in connection with the wells. This mortgage contained the provision, among others, that if default be made in the payment of the note, or the mortgagee deemed himself insecure, he was authorized to sell the property at public or private sale and out of the proceeds pay the sum due on the note and the cost of such sale, and account to plaintiff for the balance. This mortgage was filed for record in the office of the register of deeds of Elk county April 2, 1940. On April 22, 1940, plaintiff and Richards entered into an instrument called an "Extension and Option Agreement" by which the time for the payment of the note was extended to June 25, 1940, and Richards was given an option to buy the property on or before that date at the sum of $1,320.50, deducting the amount due on the note and paying the balance to plaintiff. This instrument was never filed for record and Richards' option to purchase the property was never exercised. On April 28, 1941, John B. Richards sold the property covered by the chattel mortgage of record to the defendant Stryker and executed a bill of sale therefor, which on the same day was filed for record in the office of the register of deeds of Elk county. Stryker took possession of the property under this bill of sale.

This action was brought in Wilson county, where defendant resides. The petition was filed November 12, 1941. It recites the

684

execution of these various instruments and sets each of them out as an exhibit to the petition. It alleged that the property covered by the chattel mortgage is worth $1,500 or $2,000, and the debt secured by the chattel mortgage will not exceed $400; that plaintiff is able, ready and willing to pay the amount due on the mortgage, and the prayer is that the court determine the amount due; that plaintiff be permitted to pay the same into court, and that defendant be directed to release the chattel mortgage of record, to deliver the note and mortgage to plaintiff, and to surrender his possession of the personal property.

We need not notice the answer further than to say that it did not enlarge plaintiff's right to recover.

We think the judgment of the court below was correct. There is no charge in the petition of fraud or bad faith on the part of defendant or of Richards. There is no allegation that the defendant ever at any time held the chattel mortgage, or had any right or control over it. Neither is there any other allegation that the defendant would have any capacity or authority to release the chattel mortgage of record. There is no allegation that defendant did not pay all the property was worth at the time he purchased it. There is no allegation that Richards did not have a right to sell the property at the time he did. The dates of the instruments disclose that the conditions of the mortgage had been broken, and that is true even though the extension agreement, which was not recorded, be taken into account.

The chattel mortgage from plaintiff to Richards vested title in Richards (G. S. 1935, 58-307) subject to be divested only upon the payment of the debt secured by the mortgage. There is no allegation that was ever done. Indeed, the allegations led only to' the conclusion that such payment had not been made. Under the terms of the chattel mortgage and the well recognized rules of law Richards had authority to sell the mortgaged property to Stryker at the time he sold it. (G. S. 1935, 58-309.) Such sale passed the title to Stryker. If plaintiff has any cause of action growing out of the facts pleaded, a matter which we do not determine, it was against Richards, who was not a party to this action, and not against Stryker.

The judgment of the court below is affirmed.